UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 24-20078-CR-GRAHAM

UNITED STATES OF AMERICA,

v.

MARCELO KOCHEN,
MICHAEL KOCHEN, and
SANDRO HEREK,

      Defendants.

_____/

**KOCHEN DEFENDANTS' RESPONSE
IN OPPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION**

Marcelo and Michael Kochen ("**the Kochens**"), by and through undersigned counsel, respectfully file this Response in Opposition to the Government's Motion for Reconsideration [D.E. 208] of its prior Motion to Continue Trial [D.E. 198]. In opposition, the Kochens state:

The Federal Rules of Criminal Procedure do not contain a specific rule allowing for motions for reconsideration. However, in this district, courts have found that the "purpose of a motion for reconsideration is to correct *manifest errors of law or fact* or to present *newly discovered evidence*." *Honeycutt v. United States*, Case No. 03-20483-CR, 2011 WL 3843941, at *1 (S.D. Fla., Aug. 29, 2011) (emphasis added) citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Courts generally only grant motions for reconsideration if there is an intervening change in controlling law or there is availability of new evidence. *Id*. Notably, a motion for reconsideration "cannot be used to relitigate old matters" or "raise argument or present evidence that could have been raised prior," and "[t]his prohibition includes new arguments that were previously available, but not pressed." *Oscar v. United States*, 18-21368-civ-Scola, 2018 WL 3946475, at *1 (S.D. Fla., Aug. 16, 2018).

As the Government stated in its Motion for Reconsideration, the Kochens oppose the Motion for Reconsideration.

First, the Motion for Reconsideration is a rehashing of the same arguments the Court already heard and ruled on. Further, the Government does not suggest it has new relevant evidence bearing on the relief sought. The Government's position is that it will not be ready for trial, as currently scheduled. That was the same position in the original motion. For that reason alone, the Motion for Reconsideration should be denied.

Second, the Court already considered the Government's arguments and *granted* the Government relief. Trial in this matter is specially set for October 6, 2025, not October 20, 2025, as the Government alleges. The Court already gave the Government a reprieve of two weeks, in an oral ruling on September 30, by delaying openings and presentation of evidence until October 20, 2025. The Court also recognized that its daily trial schedule, which will run from 9 a.m. to approximately 1:30 p.m., also gives the Government additional time to prepare for trial every single day. The Government now wants more—what would amount to a month-long continuance of the October 6 trial in this matter—despite indicting this case over a year and half ago, at which time it should have been prepared for trial already. For this separate reason, the Motion for Reconsideration should be denied.

Third, a continuance of this matter will indeed prejudice the Defendants and severely disrupt the Court. One hundred jurors are expected to appear in Court on Monday, October 6. The parties are selecting a jury that day and the following day, Tuesday, October 7. Court personnel have been lined up for months. Starting this trial in November, which is expected to last four to five weeks, will push it well into the holiday season and through Thanksgiving. That will be a

massive problem for jurors, counsel,[1] and Court personnel, all of whom assuredly have holiday plans involving travel. This will cause more disruption to the trial, including delays and potentially lost jurors, putting the trial at risk to the prejudice of the Defendants.

Fourth, the Government attorney (AUSA David Turken) is familiar with the case and should be prepared to proceed. On September 30, AUSA Turken agreed with the Court that he was capable and qualified to handle this trial. He is also a supervisor in the U.S. Attorney's Office. He has had *over a week* since the former prosecutor's termination to assign or locate additional counsel to assist him with trial. He also has substantial assistance available to him from his agents who presumably remain on this case. Significantly, he is also listed as being present for all or nearly all witness interviews conducted by the Government in this case. He has also participated in almost every call with counsel on discovery and trial issues, including meet and confers on motions, some of which he handled alone.[2] He indicted this case along with the former prosecutor over 18 months ago. As the Court stated, the case should have been ready to proceed at that time. For this reason, the Motion for Reconsideration should be denied.

Finally, the Government continues to make comments along the lines of, "the Defendants just asked for a continuance a week ago," as if that should be a reason the Court should reverse itself. The Court has already considered that and ruled on it. The Kochen Defendants made an ore tenus motion for continuance given the health of Marcelo Kochen, who has now been severed from this case. While Marcelo Kochen's stage 4 cancer diagnosis will no doubt impact Michael Kochen

---

[1] Several of the undersigned counsel have long-standing Thanksgiving plans that were made in reliance on the specially set trial date.

[2] As to the Government's claim or implied threat regarding *Jencks* material, AUSA Turken participated in decisions as to which witnesses will be called at trial. The agents can contact witnesses, if they have not already, to determine whether they are in possession of the *Jencks* material.

*tremendously* during his trial, that impact is *not* expected to lessen in the coming months. In fact, that impact is likely to get worse with time as Marcelo Kochen undergoes significant treatment and his health deteriorates. His cancer is non-operable, as the Court heard on September 30. Michael Kochen should not have to explain why his counsel previously sought a continuance and opposes one now, but here we are. The Motion for Reconsideration should be denied.

## CONCLUSION

Given the foregoing, the Kochens respectfully request that the Court enter an order denying the Government's Motion for Reconsideration.

Date: October 2, 2025.                                    Respectfully submitted:

| | |
|---|---|
| **SALE & WEINTRAUB, P.A.**<br>2 South Biscayne Blvd.<br>One Biscayne Tower – 21st Floor<br>Miami, Florida 33131<br>Tel: (305) 374-1818<br>Email: JWeintraub@SaleWeintraub.com<br><br>By: /s/ Jayne C. Weintraub, Esq.<br>Florida Bar No. 320382<br><br>*Counsel for Michael Kochen* | **NELSON MULLINS RILEY &**<br>**SCARBOROUGH**<br>2 S. Biscayne Boulevard, 21st Floor<br>Miami, FL  33131<br>Telephone: 305.373.9400<br>E-mail: chris.cavallo@nelsonmullins.com<br><br>By: /s/ Christopher Cavallo<br>Jonathan Etra<br>Florida Bar No. 686905<br>Christopher Cavallo<br>Florida Bar No. 0092305<br><br>*Counsel for Marcelo Kochen* |